IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| MATTHEW KRUMTUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16cv7 |
| | ) | |
| STEVEN B. CRAWFORD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT STEVEN B. CRAWFORD'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant Steven B. Crawford ("Crawford"), by counsel, submits the following memorandum in support of his Motion to Dismiss the Complaint:

I. INTRODUCTION

Plaintiff Matthew Krumtum ("Krumtum") filed this lawsuit in the Circuit Court of Bristol, Virginia on March 9, 2015, although he did not served any defendant until February 24, 2016. After obtaining consent from all defendants that had been served, Crawford and co-defendant John S. Austin moved to have the case removed from state court to this Court on March 21, 2016.

Krumtum asserts claims pursuant to 42 U.S.C. § 1983 and pendant state law claims stemming from his arrest on February 28, 2014, for violation of a protective order. Krumtum has named the following individuals as defendants to this action:

- Sergeant Steven B. Crawford of the Bristol Virginia Police Department;

- Maria Kathryn Maybury, Krumtum's former spouse;

- James F. Weaver, Magistrate of the City of Bristol;

- Chief John S. Austin of the Bristol Virginia Police Department;

- Commonwealth Attorneys Jerry Allen Wolfe and John Bradwell;

- Faith Esposito, attorney for defendant Maybury;

- Eugene E. Lohman, retired judge for the City of Bristol Juvenile and Domestic Relations Court.

Krumtum has styled the case to also include three John Doe defendants.

In the Complaint, Krumtum alleges that Crawford falsely accused Krumtum of a crime and thereafter maliciously instigated criminal proceedings against him. However, when read together with the Complaint and the documents referred to therein, public records establish that Krumtum violated a protective order barring him from contacting his ex-wife (Defendant Maybury) by delivering a letter addressed to Maybury to her attorney (Defendant Esposito) with the intent of having Esposito deliver the letter to Maybury. The public records and documents establish that he acted with probable cause, and that he therefore is shielded by qualified immunity from all claims brought against him pursuant to § 1983. Crawford further contends that Krumtum has failed to sufficiently plead various elements of his state law claims as discussed below. Accordingly, Crawford moves for dismissal of the Complaint.

II.  FACTUAL ALLEGATIONS

Counsel for Defendant John S. Austin filed a Motion to Dismiss and supporting Memorandum simultaneously with Crawford's Motion to Dismiss and this Memorandum. The Memorandum submitted by Austin contains a concise and accurate summary of the relevant facts

of this case. In the interest of economy, Crawford hereby adopts the factual allegations set forth in Austin's Memorandum in Support of Motion to Dismiss.

### III. LAW AND ARGUMENT

#### A. Standard of Review

Under Rule 12(b)(6), a court generally accepts all factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court does not have to accept legal conclusions or a "'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991), *cert. denied*, 503 U.S. 936 (1992) (internal quotation marks and citations omitted).

When reviewing alleged facts in the light most favorable to the plaintiff, "[i]t is not, however, proper to assume that the [plaintiff] can prove facts that it has not alleged…." *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks and citations omitted).

In *Iqbal*, the Supreme Court held that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertions' devoid of 'factual enhancement.'" *Id.* (*quoting*

*Twombly*, 550 U.S. at 557). The Court further stated that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citations omitted). Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* at 679.

> B. *Crawford is entitled to qualified immunity because Plaintiff has alleged no facts that, if proven, would constitute a violation of clearly established law.*

Under the doctrine of qualified immunity, public officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgeral*, 457 U.S. 800, 818 (1982). Government employees are not liable to plaintiffs for violations of constitutional rights unless the plaintiff's allegations "state a claim of violation of clearly established law . . ." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1984). "To be clearly established, a right must be sufficiently clear" that every "reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) *citing Ashcroft v. al-Kidd,* 131 S. Ct. 2074, 2078 (2011). Importantly, "officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) (citing *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987); *Gooden v. Howard Cnty.*, 954 F.2d 960, 968 (4th Cir. 1992) (*En banc*). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Determining whether a defendant is entitled to qualified immunity "involves a two-step procedure 'that asks first whether a constitutional violation occurred and second whether the right violated was clearly established.'" *Gregg v. Ham*, 678 F.3d 333, 338-39 (4th Cir. 2012)(*quoting Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011)). A right is "clearly established" when it is "sufficiently clear that every reasonable officer would [have understood] that what he is doing violated that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)(*quoting Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011)). An officer is entitled to qualified immunity unless his conduct violates law that has "been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state." *Wallace v. King*, 626 F.2d 1157, 1161 (4th Cir. 1980). The shield of qualified immunity is lost "only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991)(*quoting Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). In other words, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

Initially, Crawford contends that he could not have violated a clearly establish right of Krumtum because Crawford had probable cause to effectuate the arrest of Krumtum. Probable cause exists when an officer has knowledge of facts that "would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir.), *cert. denied*, 488 U.S. 957 (1988); *see also Wilkes v. Young*, 28 F.3d 1362, 1365 (4th Cir. 1994). Probable cause requires sufficient evidence "to warrant a man of reasonable caution in the belief that an offense has been or is being

committed." *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). Although probable cause requires more than suspicion on the part of the officer, evidence sufficient to support a conviction is not required. *Wong Sun v. United States*, 371 U.S. 471, 479 (1963).

Va. Code § 16.1–279.1(A)(2) permits the courts of the Commonwealth to issue protective orders that prohibit "such contacts by the respondent with the petitioner ... as the court deems necessary for the health or safety" of the petitioner. The May 15, 2013 clearly stated that Krumtum "shall have no contact *of any kind* with the family or household members" of Maybury (emphasis added)(*See* Exhibit A to Defendant John S. Austin's Memorandum in Support of Motion to Dismiss). Krumtum acknowledges delivering the letter to Maybury's attorney, and the letter in no uncertain terms requests that it be delivered to Maybury. (*See* Exhibit F to Defendant John S. Austin's Memorandum in Support of Motion to Dismiss). The Supreme Court of Virginia has held that the subject of a "no contact" protective order violates such order by contacting the petitioner via telephone, and Crawford contends that the same analysis holds true if the subject sends the petitioner a letter. *See Elliot v. Com.*, 277 Va. 457, 675 S.E.2d 178 (2009). Krumtum cannot absolve himself from liability on the basis that he used Maybury's attorney as an intermediary. "No contact of any kind" includes contact through a third-party, and Krumtum's conduct was in clear violation of the court's order. Therefore, Crawford had probable cause to arrest Krumtum.

Even if this Court does not consider Krumtum's delivery of a personal letter to Maybury via a third-party to be a violation of the Protective Order, Crawford's response to Krumtum's behavior at worse amounts to a "bad guess" in a "gray area" and Crawford remains shielded from liability by qualified immunity. A decision to arrest a suspect under the

circumstances presented certainly cannot be described as "plainly incompetent" or a knowing violation of the law.

Despite Krumtum's allegation that the Criminal Complaint prepared by Crawford contained factual inaccuracies (Compl. ¶ 21), Krumtum has actually admitted to those allegations in other parts of the Complaint. The Criminal Complaint reads:

> On 2-28-14 the accused, Matthew Krumton sent a twenty five page typed letter to his estranged wife Katherine Krumton by delivering it to her attorneys office located at 51 Piedmont Ave on this date. This letter is in violation of a two year Protective Order issued in Bristol City Juvenile and Domestic Relations Court ordering the accused to have no contact of any kind with Mrs. Krumton or their children.

(*See* Exhibit E to Defendant John Austin's Memorandum in Support of Motion to Dismiss). Public record establishes the existence of a standing protective order against Krumtum, and Krumtum admits to delivering the letter to the attorney of his former spouse in the Complaint (Compl. ¶¶7, 25, 26). Krumtum has therefore admitted the veracity of the allegations in the Criminal Complaint prepared by Crawford, regardless of his unsupported conclusory statement that the allegations in the Criminal Complaint are false.

Crawford also notes that Krumtum's description of the letter at issue as a "legal document" (Compl. ¶¶ 25-26) is repudiated by the first line of the letter itself in which Krumtum describes it as "a personal letter from me to my wife." Any attempts by Krumtum to portray his behavior as exchange of legal documents between attorneys should therefore be summarily dismissed by the Court.

The May 15, 2013 Protective Order provided that Krumtum was to have no contact of any kind with Maybury through May 15, 2015. The letter that Krumtum admits that

he delivered to Esposito on February 28, 2014 requested that Esposito deliver it to Maybury. Esposito reported Krumtum's violation of the Protective Order to Crawford, who with probable cause, is alleged to have effectuated the arrest of Krumtum. Based upon these undisputed facts, Crawford is entitled to qualified immunity and all claims brought by Krumtum pursuant to § 1983 must be dismissed.

### C. *The Complaint fails to state a claim for malicious prosecution against Crawford.*

In order to prove a claim for malicious prosecution, the plaintiff must set forth and prove the following elements: (1) the prosecution was malicious; (2) the prosecution was instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff. *Hudson v. Lanier*, 255 Va. 330, 333, 497 S.E.2d 471, 473 (1998). The Supreme Court of Virginia has repeatedly held that malicious prosecutions are not favored in Virginia, particularly with regard to malicious prosecutions arising out of criminal cases, because the law favors the prosecution of a crime. *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 151 S.E.2d 353 (1967).

Again, the undisputed facts establish that Crawford acted with probable cause in effectuating the arrest of Krumtum and Krumtum is therefore unable to establish a necessary element of his malicious prosecution claim.

### D. *The Complaint fails to state a claim for false imprisonment against Crawford.*

False imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *Jordan v. Shands*, 255 Va. 492, 497, 500 S.E.2d

215 (1998). Probable cause legally justified Crawford's decision to arrest Krumtum, and Krumtum's false imprisonment claim against Crawford must be dismissed.

> E. *The Complaint fails to state a claim for intentional infliction of emotional distress against Crawford.*

The elements of IIED are: 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe. *Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). Regarding whether conduct is outrageous or intolerable, the Supreme Court of Virginia has provided the following guidance:

> Under the second prong, it is insufficient for a defendant to have "acted with an intent which is tortious or even criminal."…Even if a defendant "has intended to inflict emotional distress," or his conduct can be "characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort," the requirement of the second prong has not been satisfied…"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citations omitted).

*Russo v. White,* 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991).

The Complaint does not allege conduct on the part of Crawford that is intentional, reckless, outrageous, or intolerable. Rather, the Complaint read together with the public records referenced and attached to Austin's Memorandum in Support of Motion to Dismiss establish that Crawford effectuated a legal arrest based upon probable cause. Accordingly, the Complaint fails to state a claim for intentional infliction of emotional distress.

    F. *The Complaint fails to state a § 1983 civil conspiracy claim against Crawford.*

Krumtum makes the conclusory statement that the Defendants conspired to falsely charge Krumtum of crimes and to unconstitutionally detain him in violation of 42 U.S.C. § 1983. (Compl. ¶¶ 63-64). However, "[c]ourts have ... required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss." *Gooden v. Howard County, Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992). As Krumtum has not plead specific facts alleging that Crawford conspired with other defendants, the § 1983 claim against Crawford must be dismissed.

    G. *Krumtum's defamation claim is barred by the statute of limitations.*

The plaintiff's defamation claim is barred by Va. Code §8.01-247.1, the one year statute of limitations for defamation claims in Virginia. The plaintiff alleges that the activity upon which his Complaint rests occurred on February 28, 2014. Plaintiff filed his claim on March 9, 2015. Furthermore, as discussed in subsection III-B of this Memorandum, Krumtum has indirectly admitted to the statements that Crawford made in the Criminal Complaint. As Krumtum as admitted the veracity of the statements made by Crawford, his defamation claim must be dismissed.

    IV. CONCLUSION

For the reasons stated, Defendant Steven B. Crawford moves the Court to dismiss all counts of the Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                        STEVEN B. CRAWFORD

                        By Counsel

W. Bradford Stallard
VSB No. 28149
Nathaniel Dale Moore
VSB No. 84977
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/623-1730
bstallard@pennstuart.com

By */s/ W. Bradford Stallard*
     W. Bradford Stallard

CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                        */s/ W. Bradford Stallard*
                        W. Bradford Stallard