# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **MATTHEW KRUMTUM,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16CV00007 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **STEVEN B. CRAWFORD, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Matthew Krumtum, Pro Se Plaintiff.*

In this civil action, the plaintiff has moved to strike certain documents from the record and levy sanctions against some of the defendants and their attorneys. For the following reasons, I will direct the clerk to place some of the documents under seal, and will further order redacted versions of those documents to be filed, but I will decline to levy any sanctions.

I.

According to the facts alleged, the plaintiff, a lawyer, was married to defendant Maria Kathryn Maybury, also a lawyer. The couple experienced marital problems and separated. On May 15, 2013, the Juvenile and Domestic Relations Court, Adult Division, for the City of Bristol, Virginia ("J&DR Court"), entered a Protective Order against the plaintiff. That order mandated that the plaintiff was to have no contact of any kind with Maybury or the couple's four children. The

Protective Order further provided that it would remain in effect until May 15, 2015.

On February 28, 2014, the plaintiff delivered a 25-page letter to Maybury's divorce attorney, defendant Faith Esposito. It stated that it was "a personal letter from me to my wife" and requested that it not be used "in litigation." The letter contains numerous references to the couple's children, and appears to include photographs of those children.

Thereafter, defendant Steven B. Crawford, a sergeant with the Bristol Police Department, filed a criminal complaint against the plaintiff and presented it to defendant James Weaver, a Virginia magistrate, who issued an arrest warrant upon his finding that there was probable cause to believe that the plaintiff's delivery of the letter constituted a violation of the Protective Order. The plaintiff was arrested on the night of February 28. However, the charge was later dismissed by the J&DR Court.[1]

The plaintiff thereafter filed this lawsuit in Virginia state court against the Bristol police chief John Austin, Sgt. Crawford, attorney Esposito, two state prosecutors, the magistrate, the J&DR judge who dismissed the charge, Maybury, and three John Does. He claimed violations of his federal constitutional rights as

---

[1] A second Protective Order was also issued on February 28, 2014, which lasted until February 28, 2016. It is not clear at this point as to which of the Protective Orders the plaintiff was accused of having violated.

well as asserting state law intentional torts. The case was then removed to this court by the defendants.

The plaintiff filed the present Motion to Strike and for Sanctions on the ground that some of the defendants' pleadings include attachments that contain personal information about him and his children. The plaintiff argues that these attachments should have been redacted to exclude his social security number, date of birth, children's names, and children's dates of birth.[2] That information is contained in the following documents that have been filed with this court:

- The Notice of Removal filed on behalf of defendants Crawford and Austin and defendant Austin's Memorandum in Support of Motion to Dismiss, both filed in this court. (ECF Nos. 1, 16.) Both contain attached Protective Orders with the unredacted names and birthdates of the plaintiff's children;

- The letter from the plaintiff to Maybury that was attached to defendant Austin's Memorandum in Support of Motion to Dismiss (ECF No. 16-6) and defendant Weaver's Response to Plaintiff's Reply Brief (ECF No. 28), both filed in this court. The letter contains the unredacted names of the plaintiff's children; and

- The entire record from state court (ECF No. 22), filed upon the removal of the case in accord with 28 U.S.C. § 1447(b). This record contains documents that have the plaintiff's social security number and date of birth and his children's names and dates of birth.

---

[2] The plaintiff also argues that information regarding his home address and his children's photographs should have been redacted. However, Rule 5.2 of the Federal Rules of Civil Procedure contains no such prohibition on these items.

-3-

## II.

The Federal Rules of Civil Procedure state that

> [u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). However, the Rule also provides that "[t]he redaction requirement does not apply to . . . the official record of a state-court proceeding." Fed. R. Civ. P. 5.2(b)(3). Clearly, most of the documents described above are state court records that are exempt from the redaction requirement.

The only document that the plaintiff complains of that is not exempt from the redaction requirement is the letter that he wrote to Maybury. This document contains the first names of his minor children, in violation of Rule 5.2(a). Given that the letter is the only document that offends Rule 5.2(a), and that the letter's violation of that rule is a relatively minor one, I decline to sanction any of the defendants in this case.

While the defendants did not violate Rule 5.2(a) in connection with the state court documents, I will order the sealing and redaction of those records to provide additional privacy protection, which is within my discretion. *See* Fed. R. Civ. P. 5.2(e)(1).

III.

For the foregoing reasons, the clerk is directed to place under seal the Notice of Removal (ECF No. 1), Defendant John S. Austin's Memorandum in Support of Motion to Dismiss (ECF No. 16), defendant Weaver's Exhibit 6 (ECF No. 28), and the State Court Records from the Circuit Court of the City of Bristol (ECF No. 22). Defendants Crawford and Austin must file properly redacted versions of ECF Nos. 1 and 16 within 7 days of the date of this Order. Defendant Weaver must file a properly redacted version of ECF No. 28 within 7 days of this Order. The plaintiff's Motion to Strike and for Sanctions (ECF No. 41) is otherwise DENIED.

It is so **ORDERED**.

ENTER: May 17, 2016

/s/ James P. Jones
United States District Judge