IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MATTHEW G. KRUMTUM, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16CV00007 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| STEVEN B. CRAWFORD, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Matthew G. Krumtum, Pro Se Plaintiff; W. Bradford Stallard and Nathaniel D. Moore, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants Stephen B. Crawford, John S. Austin, and Faith Espositio; Maria Kathryn Maybury, Pro Se Defendant; J. Christian Obenshain and Donald E. Jeffrey, III, Office of the Attorney General, Richmond, Virginia, for Defendant James F. Weaver; Mary Foil Russell, Russell Law Firm, Bristol, Virginia, for Defendants John Bradwell and Jerry Allen Wolfe.*

This civil case was removed from state court asserting claims under 42 U.S.C. § 1983 and state law. The plaintiff, a lawyer suing on his own behalf, complains that he was wrongfully arrested and prosecuted for violating a domestic protective order obtained by his former wife. After the charge was dismissed, he filed the present suit against everyone in sight, including his former wife, her attorney, the prosecutor, the arresting police officer, and the magistrate who issued the warrant. The defendants have all moved to dismiss. I find, among other things, that on the undisputed facts there was probable cause to believe that the plaintiff had violated the protective order, and I will dismiss the case.

I.

The following facts are taken from the plaintiff's Complaint and incorporated documents, which I am bound at this point to accept as true.

The plaintiff, Matthew Krumtum, a lawyer, was married to defendant Maria Kathryn Maybury, also a lawyer. The couple experienced marital problems and separated. On May 15, 2013, the Juvenile and Domestic Relations Court for the City of Bristol, Virginia, entered a Protective Order against Krumtum. The Protective Order mandated that he was to have "no contact of any kind" with Maybury. (Protective Order 17, ECF No. 1-4.) The Protective Order provided that it would remain in effect for two years, until May 15, 2015.

On February 28, 2014, the plaintiff delivered a 25-page typed letter to Maybury's divorce attorney, defendant Faith Esposito, at the attorney's office. A preface to the letter stated, "This is a personal letter from me to my wife. We were schoolmates, we had four children together so have some decency and allow us to have perhaps this one last private moment. I would appreciate exercising discretion and refrain from using, just this once, this communication in litigation." (Letter 1, ECF No. 46.) The letter began, "Dear wife Kathy, This is my letter home." (*Id.*) The letter reminisced about their history together, included a discussion of their sex life, and urged their reconciliation.

-2-

Case 1:16-cv-00007-JPJ-PMS   Document 54   Filed 08/24/16   Page 2 of 17   Pageid#: 666

Defendant Steven Crawford, a sergeant with the Bristol Police Department, obtained the letter and filed a criminal complaint against the plaintiff, alleging that the delivery of the letter constituted a violation of the Protective Order. Based upon Crawford's complaint, defendant James Weaver, a Virginia magistrate, issued an arrest warrant pursuant to Va. Code Ann. § 16.1-253.2 upon his finding that there was probable cause to believe that the plaintiff had violated the Protective Order.[1] The plaintiff was arrested pursuant to the warrant on the night of February 28. Defendant John Bradwell, an Assistant Commonwealth's Attorney for the City of Bristol, prosecuted the case. Krumtum pleaded not guilty and the charge was dismissed at trial by the state court. The record does not reveal the reasons for the dismissal.

The plaintiff then filed this lawsuit in the Bristol Virginia Circuit Court against John Austin (the Bristol police chief), Sgt. Crawford, attorney Esposito, Assistant Commonwealth Attorney Bradwell, Jerry Allen Wolfe (the Commonwealth's Attorney for the City of Bristol), Magistrate Weaver, Eugene E. Lohman (the state court judge who dismissed the prosecution against the plaintiff), Maybury, and three John Does. He alleged seven causes of action: malicious prosecution under federal law (Count I); malicious prosecution under state law

---

[1] The cited statute provides that if a protective order, as here, prohibits contacts by the respondent, violation will be punished as a Class 1 misdemeanor.

(Count II); false imprisonment under state law (Count III); intentional infliction of emotional distress (Count IV); § 1983 conspiracy (Count V); § 1983 violation of constitutional rights (Count VI); and defamation (Count VII). He asserts each claim against each defendant.

While the case was in state court, defendants Maybury, Austin, Crawford, Esposito, Wolfe, Bradwell, and Weaver filed demurrers in an effort to be dismissed.[2] The action was then removed to this court. After removal, defendants Austin, Crawford, and Esposito filed motions to dismiss. The plaintiff has since filed two consolidated responses that purportedly address all of the demurrers and motions to dismiss; he has also responded directly to Maybury's demurrer. Certain of the defendants have filed replies that address the plaintiff's responses. The matter is now ripe for decision.[3]

## II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only

---

[2] Judge Lohman has not appeared in the case and apparently has never been served with process.

[3] I will treat the demurrers filed in state court as Rule 12(b)(6) motions and not require repleading. I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992).

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court evaluates it and any documents attached or incorporated by reference. *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002).

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim for relief, the plaintiff must show that he was "deprived of a right secured by the Constitution or laws of

the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

In Virginia, suits for malicious prosecution are not favored, and the standard for maintaining such actions is more stringent than it is for most other tort claims. *Lee v. Southland Corp.*, 244 S.E.2d 756, 758 (Va. 1978). For the plaintiff to prevail in his state malicious prosecution claim, he has the burden of showing that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. *Id.* Similarly, the Fourth Circuit has recognized a claim that derives from the Fourth Amendment right to be free from unreasonable seizures that incorporates elements of the common law tort of malicious prosecution. *See Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). However, the Fourth Circuit has stressed that malicious prosecution is not an independent cause of action under § 1983. *Id.* I will nonetheless recognize the plaintiff's claim for "malicious prosecution under federal law" as the type of Fourth Amendment claim discussed in *Lambert* and will analyze the plaintiff's claim using that standard.

In a malicious prosecution action, malice may be presumed from lack of probable cause, but "the lack of probable cause can never be inferred, even from

the most express malice." *W. Union Tel. Co. v. Thomasson*, 251 F. 833, 837 (4th Cir. 1918). As has been stated,

> Probable cause is based upon a practical assessment of the totality of the circumstances. There is probable cause for an arrest when facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Probable cause requires more than bare suspicion but requires less than evidence necessary to convict. In instances where arresting officers take the additional procedural step of seeking an arrest warrant, the defendant is then arrested not upon what the officers believed, but upon the warrant that the magistrate issued.

*Wardrett v. City of Rocky Mount*, No. 5:14-CV-854-BO, 2016 WL 1408091, at *3 (E.D.N.C. Apr. 7, 2016) (internal quotation marks, alterations, and citations omitted).

"[W]here a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy . . . a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.'" *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556-57). "The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." *Id*.

## A. Defendant Austin.

The Complaint does not allege that defendant Austin, the police chief, engaged in any particular conduct that warrants his inclusion in the case. The plaintiff's consolidated responses to the defendants' motions to dismiss are similarly devoid of any specific allegations against Austin.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

The plaintiff has not set forth any basis for believing that Austin's status as the police chief should change this analysis. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (stating the elements necessary to establish supervisory liability under § 1983). Given that no specific facts have been alleged that would connect Austin to the alleged misconduct, he must be dismissed from the case.

To be sure, the plaintiff's Complaint repeatedly makes allegations against the defendants as a whole. These general allegations against the entire group of defendants are not enough to save the plaintiff's Complaint as it relates to Austin or any other defendant who is not specifically identified as having engaged in some

tortious conduct. The plaintiff cannot satisfy *Twombly* and its progeny by making wholesale allegations against an entire group without identifying some wrong on the part of individual defendants.

## B. Defendant Maybury.

Similarly, the plaintiff has not articulated facts that support any of the causes of action alleged against defendant Maybury, the plaintiff's former wife. The only facts that directly pertain to her are contained in paragraphs 36 to 38 of the Complaint, which are as follows:

> 36. In attempts to prove their case, [the defendants] used Mr. Krumtum's divorced wife, who was accused of adultery, Kathryn Maybury, Esquire to testify against him.
>
> 37. Mr. Krumtum's x-wife, herself a divorce attorney, then testified in order to have him convicted of a crime punishable with imprisonment.
>
> 38. Mr. Krumtum's x-wife, then testified and attempted to use her position as an attorney skilled in the dissolution of marriage, custody and related divorce matters to harass and retaliate against Mr. Krumtum.

(Compl. ¶¶ 36-38, ECF No. 1-2.)

The crux of these allegations is that at some point Maybury testified against the plaintiff. Such testimony, by itself, does not give rise to a cognizable cause of action. While paragraph 38 of the Complaint, along with several portions of the plaintiff's reply to Maybury's Demurrer, suggest that Maybury was the

mastermind behind the entire alleged scheme, the plaintiff has pleaded no facts in support of that conclusion. Since testifying in a criminal action does not provide a sufficient reason to believe that the plaintiff is entitled to relief against Maybury, she is dismissed from this case.

## C. Defendant Weaver.

Both federal and Virginia law provide for immunity for judicial officers. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bellamy v. Gates*, 200 S.E.2d 533, 535 (Va. 1973). In Virginia, such immunity is absolute unless the judicial officer was acting outside of his jurisdiction. *See Bellamy* at 535 ("It is also a well established principle of the law that judicial officers, acting within their jurisdiction, we exempt from liability in civil actions for their official acts, although such acts are alleged to have been done maliciously and corruptly.") If anything, federal law provides even greater protection to judges because it says that judicial immunity is only excepted when the judge was "clearly" acting outside of his jurisdiction. *Stump* at 355-56, n.6. Such immunity prevents this action from proceeding against state magistrate Weaver.

The plaintiff argues that the arrest warrant issued by Weaver was so baseless that it was effectively issued outside of his jurisdiction. However, even if every one of the plaintiff's factual allegations is accepted, the plaintiff has not pleaded sufficient facts to circumvent Weaver's clearly established judicial immunity. *See*

-10-

Case 1:16-cv-00007-JPJ-PMS   Document 54   Filed 08/24/16   Page 10 of 17   Pageid#: 674

*King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) ("Although a judge who undertakes to act in an area where he has no subject matter jurisdiction is denied absolute immunity, it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct.") (internal quotation marks, citation, and emendation omitted). Accordingly, defendant Weaver must be dismissed from this action because he is protected by judicial immunity.

### D. Defendant Esposito.

As it relates to defendant Esposito, the opposing divorce attorney, the plaintiff's Complaint pleads only that the plaintiff delivered the subject letter to Esposito. This is not enough to support his causes of action against her. Even if it could be inferred that Esposito transmitted the letter to the police, there are no facts alleged that would provide a basis for any remedy against her.

Malicious prosecution claims are discouraged against individuals who, in good faith, pass information along to law enforcement when they have information that would excite belief in the reasonable mind that some criminal conduct has occurred. *See O'Connor v. Tice*, 704 S.E.2d 572, 575 (Va. 2011); *Commissary Concepts Mgmt. Corp. v. Mziguir,* 594 S.E.2d 915, 917 (Va. 2004); *Stanley v. Webber*, 531 S.E.2d 311, 314 (Va. 2000) ("In the context of a malicious prosecution action, probable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and

circumstances, that the plaintiff is guilty of the crime of which he is suspected.") When the facts concerning the question of probable cause are in dispute, then that issue is a legal one that should be decided by the court. *Id.* at 315.

The plaintiff admits that he delivered the letter to Esposito and requested that she deliver it to Maybury. The Protective Order mandated that the plaintiff was not to have any contact of any kind with Maybury. The delivery of that letter was certainly enough to excite belief in a reasonable mind that the terms of the Protective Order had been violated.

The plaintiff argues that the letter was a settlement offer that he was allowed to submit because of the ongoing dispute between himself and Maybury. He compares the letter to the constitutionally protected right to cross-examine witnesses, and says that any reasonable person should have known that submitting such a letter was permissible. However, even if every reasonable inference is taken in favor of the plaintiff, I find his argument unpersuasive.

A plain reading of the letter shows that it was a personal communication that was intended by the plaintiff to be delivered in some manner to Maybury. This is enough to excite belief in a reasonable mind that the Protective Order had

been violated. Accordingly, the plaintiff has not articulated facts that would support any cause of action against defendant Espositio.[4]

### E. Defendants Bradwell and Wolfe.

The Supreme Court has held that under § 1983 prosecutors are absolutely immune from liability when they are acting as officers of the court. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-2 (2009). There are exceptions to this immunity that apply when prosecutors engage in other tasks, such as those that are investigative or administrative. *Id.* at 341-3. Virginia law mandates that prosecutorial immunity is as strong, if not stronger, than it is under federal law. *See Andrews v. Ring*, 585 S.E.2d 780, 785 (Va. 2003).

Again, the Complaint sets forth few, if any, facts that specifically relate to Bradwell and Wolfe. The only inference that could possibly be made against the two is that Bradwell prosecuted the plaintiff and Wolfe was his supervisor during the prosecution. Taking those facts as true, prosecutorial immunity protects both attorneys from all of the plaintiff's allegations against them.

---

[4] The plaintiff has requested that Counts V (§ 1983 Conspiracy) and VI (§ 1983 Violation of Federal Constitutional Rights) be voluntarily dismissed as to defendants Esposito and Maybury. I will grant that request and those causes of action against those defendants will be dismissed without prejudice. The plaintiff has also requested that his defamation claim (Count VII) be voluntarily dismissed. I will grant the plaintiff's request and dismiss the defamation claim against all of the defendants without prejudice.

F.  Defendant Crawford.

Sergeant Crawford filed a criminal complaint alleging the plaintiff violated the Protective Order, and a subsequent arrest warrant was issued by the magistrate based upon this complaint.  The Protective Order required that the plaintiff have no contact of any kind with Maybury.  When Crawford received the letter, which was personal in nature and obviously intended to be delivered to Maybury, I find that Crawford could reasonably believe that this communication was a violation of the terms of the Protective Order.

"A finding of probable cause to arrest is proper when at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense."  *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988) (citing *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984).  This finding is "based upon a practical assessment of the totality of the circumstances." *Wardrett*, 2016 WL 1408091, at *3.

Under the circumstances in this case, I find that there was probable cause for Crawford to reasonably believe that the plaintiff had violated the Protective Order.  Probable cause merely requires enough evidence "to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949).  The first line of the letter specifically

-14-

Case 1:16-cv-00007-JPJ-PMS   Document 54   Filed 08/24/16   Page 14 of 17   Pageid#: 678

identifies it as being a "personal letter from me to my wife." (Letter 1, ECF No. 46.) The plaintiff contends that the letter was a communication of a settlement offer and therefore not prohibited under the Protective Order. However, the clearly personal nature of the letter contradicts this assertion, as does the plaintiff's request that Esposito refrain from using the letter in the divorce proceedings. Furthermore, the letter is not addressed to Esposito, Maybury's lawyer, but was specifically directed to Maybury herself with the obvious intent under the circumstances that it would be so directed. The plaintiff did not use the post office to deliver the letter in question to Maybury, but he used the next best thing, Maybury's agent. Accordingly, I find that probable cause to seek a criminal complaint existed based on the facts alleged. Accordingly, no valid cause of action has been asserted against defendant Crawford.

### G. False Imprisonment Claim.

I will also dismiss the plaintiff's false imprisonment claim under state law (Count III) against all defendants. In Virginia, false imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 141 S.E. 860, 865 (Va. 1928) (internal quotation marks and citation omitted). False imprisonment claims often arise in the law enforcement context, and "the gist of the action is the illegal detention of

the person, without lawful process, or the unlawful execution of lawful process." *Montgomery Ward & Co. v. Wickline*, 50 S.E.2d 387, 389 (Va. 1948).

The Virginia Supreme Court has said that "[i]f the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment." *Lewis v. Kei*, 708 S.E.2d 884, 890 (Va. 2011). The Virginia Supreme Court has further explained that an arrest will be considered lawful if it was based on a regular and valid arrest warrant. *Id.*

The plaintiff alleges that defendant Crawford obtained a regular arrest warrant using the appropriate channels. There is no allegation that Crawford misrepresented facts to the magistrate or engaged in any other conduct that would have made the arrest warrant invalid. Thus, the plaintiff's arrest was a lawful one, and he has not articulated facts that support a claim of false imprisonment. I will therefore dismiss that claim.

## H. Intentional Infliction of Emotional Harm.

In order to recover on a claim of intentional infliction of emotional distress, a plaintiff must satisfy four elements of proof. The plaintiff must show that (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe. *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (Va. 2008). This state

cause of action is not favored. *Id.* at 343. Particularly because I find that probable cause existed for the issuance of an arrest warrant, I do not find that any of the defendants' conduct was outrageous or intolerable. *See Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991) (holding that conduct complained of was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.")

III.

For the foregoing reasons, it is **ORDERED** that all of the defendants' demurrers and motions to dismiss are GRANTED. A separate final order will be entered herewith.[5]

          ENTER: August 24, 2016

          /s/ James P. Jones
          United States District Judge

---

[5] The plaintiff requests that he be granted leave to submit an amended complaint if the court finds his allegations insufficient to state valid causes of action. (Reply 21-22, ECF No. 45.) However, the central issue in this case is whether there was probable cause to believe that the plaintiff violated the terms of the Protective Order by his undisputed delivery of the letter to Esposito intended to be directed to his former wife. Because I find that there was probable cause, I further find that additional pleadings would not cure the defects in the plaintiff's case.